172 Cal.App.2d 99 (1959)
JOHN MASON, Respondent,
v.
JOE ENNES, Appellant.
Civ. No. 18506. 
California Court of Appeals. First Dist., Div. Two. 
July 17, 1959.
 Watson & Tedesco and Vincent N. Tedesco for Appellant.
 Winton, Edlefsen & Murphy and F. Leon Edlefsen for Respondent.
 O'DONNELL, J. pro tem. [fn. *]
 Plaintiff, as lessor, and defendant, as lessee, executed a written lease which contained the following provisions: "Lessee is hereby authorized to build approximately 30 ft. X 70 ft. upon the demised premises for the use of his business and to also construct such other improvements thereon as may be necessary or convenient for him in conducting said business. With reference to the 30 ft. X 70 ft. building to be so erected, Lessee does hereby covenant and agree to so construct the same, work thereon to commence within a reasonable time after the execution of this lease. All material and labor necessary therefor shall be at *101 the expense of Lessee except and provided, however, Lessor does hereby agree to furnish all concrete material necessary for the flooring and foundation of said building. The building shall be of sheet iron construction and all work shall be performed in a good workmanlike manner and the construction shall be in accordance with and comply with the requirements of the Building Code of Santa Clara County."
 "Upon the termination of this lease the building so erected shall be and become the property of Lessor."
 Defendant was engaged in the trucking business.
 Following execution of the lease a cement foundation for the building, having dimensions of 32 feet by 60 feet, was laid. Plaintiff paid the cost of the foundation. Following the laying of the foundation, defendant constructed a building thereon. Rather than being of sheet iron, as called for by the lease, the building had a roof of sheet aluminum, three of the walls were made of plyboard and the fourth side of the building consisted of an old trailer coach which supported one end of the roof. The building failed to comply with the building code of Santa Clara County in a number of particulars.
 Plaintiff instituted this action for damages for defendant's failure to construct a building of the type described in the lease. The cause was tried by the court, sitting without a jury, and plaintiff was awarded damages in the sum of $3,500. Defendant appeals from that judgment.
 [1a] Defendant's first contention is that the covenant of the lease for the construction of a building is unenforceable because the description of the kind of building to be constructed is indefinite and uncertain. The contention is without merit. [2] In an action for damages, less certainty in the terms of the contract is required than in an action for specific performance. (Bettancourt v. Gilroy Theatre Co., 120 Cal.App.2d 364 [261 P.2d 351].) [1b] Here the dimensions of the building were approximated by the parties at 30 feet by 70 feet; the materials of which the walls and roof were to be constructed were clearly specified; the building was to be built to conform to the requirements of the Building Code of Santa Clara County; and finally, the building was to be of a type that would accommodate a trucking business. We are satisfied that the description contained in the lease of the proposed building was sufficiently definite to form the predicate for an action for damages for breach of the covenant to build. (For an excellent discussion of this subject see the Bettancourt case, supra. *102
 [3] Defendant next contends that he was not obligated to construct a building but was simply given the privilege to do so. He bases this contention on the fact that the above quoted provision of the lease states that he is "authorized" to construct a building. However, when the word "authorized" is considered in proper context, and in relation to the other provisions of the above quoted paragraph, it becomes apparent that defendant contractually obligated himself to construct the building. By the provision in question defendant is "authorized" not only to construct a building, but also such other improvements as may suit his convenience. But when the lease speaks of the building alone, and not any other improvements, it provides that "Lessee does hereby covenant and agree to so construct the same ..." Defendant's obligation in that regard could hardly be more clearly expressed.
 [4] Defendant next contends that because he introduced evidence showing that the building he constructed cost $2,500 and was suitable for his purposes, and plaintiff produced testimony that a building of the type called for by the lease would cost $6,000, the trial court should have made a finding declaring whether a building to cost $2,500, or one to cost $6,000, was contemplated by the parties. In answer to this contention it may be observed that the matter of cost was not an element of the covenant to build and was not put in issue by any of the pleadings; except, of course, to the extent that cost involves the issue of damages, and as to that issue a finding was in fact made.
 [5] Defendant next contends that the trial court erred in failing to make specific findings on the issue of damages. His argument on this point seems to be that in its findings the trial court should have set forth the manner in which it arrived at the amount of $3,500 damages. No error appears. The complaint alleged the ultimate fact that plaintiff was damaged in the sum of $7,500 by reason of defendant's breach of the covenant to build. The answer simply denied that plaintiff had sustained damages in any amount. Neither in the complaint nor in the answer were any items of special damages referred to. The trial court found that "plaintiff was damaged by reason of the breach of said lease agreement by defendants in the sum of $3,500." This finding is proper and adequate. Only ultimate facts should be found. (48 Cal.Jur.2d 309.)
 [6] A more serious objection to the findings is that the *103 trial court failed to find on the issue of waiver which was pleaded as an affirmative defense. The allegations of defendant's answer in that regard read: "As and for a further, separate and distinct answer and defense, and by way of alleging waiver by plaintiff, this answering defendant alleges that on or about September 8, 1953, a building approximately 32 ft. by 60 ft. was erected on the premises of plaintiff as described in that certain lease which is attached to plaintiff's First Amended Complaint as Exhibit A, and that plaintiff had full knowledge of the erection of said building on the aforementioned premises and that plaintiff allowed defendant to complete the construction of said building without notice to defendant of any disapproval of defendant as to the construction and size of said building." [fn. *] The only findings of the trial court dealing with the covenant to build and its breach are these: "That it is true that, according to the terms of said agreement of lease, defendants did covenant and agree to construct a 30 foot X 70 foot building of sheet iron construction on said premises; that said lease agreement further provided that the construction of said building was to be in accordance with and comply with the requirements of the Building Code of Santa Clara County."
 "That it is true that the defendants did not keep and perform their part of the covenants and agreements set forth in said lease agreement, in that defendants failed to erect a building such as was agreed upon in said lease agreement."
 Plaintiff, in defense of the court's failure to make findings on the issue of waiver, invokes the rule which is thus stated in Witkin, California Procedure, vol. 2, p. 1850: "... where a proper finding is made on an issue, it is not necessary to negative issues contradictory thereto. The finding on the first issue is an implied negation of all contrary propositions." And in 48 California Jurisprudence 2d 296 it is said: "For example, if the findings made necessarily negative allegations of the answer concerning which no specific findings are made, they are sufficient." We think it clear that this rule cannot be made to apply to the situation in the instant case. The trial court's finding, as we have seen, is simply that defendant "failed to erect a building such as was agreed upon in said lease agreement." But such a finding certainly does not *104 negative, nor is it in any way inconsistent with, the allegations in defendant's answer to the effect that plaintiff saw the size and character of the building under construction yet allowed defendant to complete its construction without objection. In other words, conceding that the building constructed by defendant did not comply with the requirements of his lease, still there remains the further issue: Did plaintiff waive his right to require that the building be constructed in accordance with the specification of the lease? By failing to make any finding on this issue the trial court has, of course, left it unresolved. [7] It is firmly established that it is essential that findings be made on every material issue raised by the pleadings, including issues raised upon affirmative defenses in the answer, and that a failure so to do constitutes reversible error. (De Burgh v. De Burgh, 39 Cal.2d 858 [250 P.2d 598]; Bertone v. City & County of San Francisco, 111 Cal.App.2d 579 [245 P.2d 29].)
 The judgment is reversed.
 Dooling, Acting P. J., and Draper, J., concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.
[fn. *] *. Although defendant refers to his affirmative defense as a defense of "waiver," it would appear to be more appropriately classified as a defense of estoppel. However, the distinction in terminology is unimportant here.