[Civ. No. 20959.   First Dist., Div. Three.   Oct. 23, 1963.]

ERWIN C. NIELSON, as Administrator with the Will Annexed, etc., Plaintiff and Appellant, v. WILLIAM H. RUEHL, et al., Defendants and Respondents.

Richard F. Backman for Plaintiff and Appellant.

Clark L. Bradley for Defendants and Respondents.

DRAPER, P. J.—This is a father-son dispute. Upon the death of the father, the administrator with the will annexed was substituted as plaintiff.

In April 1958, father received some $23,000 from the estate of his brother, and delivered it to his son for deposit in the latter's bank account. It was used to purchase 10 items of property in the names of son and his codefendant wife.

The complaint asserted that defendants held the property in trust for plaintiff, and sought to quiet title. Judgment was

for defendants as to all items. As to each of the first eight, the court found specifically that a gift had been made by the father, after his delivery of his inheritance to the son in April 1958. Plaintiff concedes that the evidence, although in conflict, sustains these findings.

This appeal concerns only the remaining two items. One is a parcel of unimproved real property in Morgan Hill, deeded to defendants upon their making a down payment of $1,500 from the father's inheritance. The other is a house and lot, acquired by defendants upon exercise of the power of sale under a second deed of trust securing a note made to defendants by one Pedro for a loan of $10,000, also made from the father's inheritance.

No finding is made upon defendant's assertion that he took the property in trust to support his father for life, with title to go to him on the father's death. Thus the judgment is supported only if there are findings on the issue of gift.

But the court found only that the deed and the note were taken in defendants' names "with the knowledge and consent" of the father. Specific finding of gift, carefully made as to each of the first eight items, is omitted. The omission appears significant, particularly since the finding of the father's "knowledge and consent" had also been made as to all the other items.

Defendants do not assert that the April delivery of the entire inheritance to the son constituted a gift of the whole. Nor can they do so, in view of defendants' pleading and the son's concession at trial that this initial delivery was but a transfer in trust. As the findings impliedly recognize in detailing the fact of subsequent gift of each of the first eight items, such later gift is essential to support defendants' claims to all items. As to the land and the note, the omission to find on this issue leaves the findings insufficient to support the judgment (see *McKinnon* v. *McKinnon,* 181 Cal.App.2d 97 [5 Cal.Rptr. 43] ; *Mason* v. *Ennes,* 172 Cal.App.2d 99 [342 P.2d 79]).

The evidence is in conflict as to the fact of gift, after April of 1958, of these two items. For example, the son, after acquisition of both items in defendants' names, signed an application for a guardian's bond in which he listed both items as property of his father. Thus we cannot make findings here on the crucial issue of gift. Weighing of the evidence of gift of these two items is for the factfinder. We do

466

not intrude upon his prerogative by discussing substantiality of the present evidence upon it.

Judgment reversed as to the Morgan Hill land and the Pedro note, with directions to the trial court to make further findings as to these two items, with or without the taking of additional evidence, as that court deems proper, and to enter judgment in accord with such findings as are then made.

Salsman, J., and Devine, J., concurred.